**SALEM TRANSPORTATION CO., Inc.,**
**Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission,**
**Defendants.**

No. 67–Civ. 2971.

United States District Court
S. D. New York.

Nov. 16, 1967.

Rosen & Rosen, Monticello, N. Y., for plaintiff-respondent.

Thomas H. Baer, New York City, for intervenor-petitioner.

CROAKE, District Judge.

## MEMORANDUM

This is a motion by D & M Taxi Company, Inc. (D & M) to intervene as of right in the case of Salem Transportation Co., Inc. (SALEM) v. United States, 67 Civ. 2971. SALEM brought the present action pursuant to 28 U.S.C. Ch. 157 to review adverse determinations by the Interstate Commerce Commission (I.C.C.) in SALEM'S Docket Nos. MC–107583 sub 17 and sub 18. See 100 M.C.C. 373. D & M, although not a party to the proceedings before the I.C.C., asserts that its status as a competitor of SALEM makes it an "interested" party within the meaning of 28 U.S.C. § 2323 and allows it to intervene as of right.

Rule 24(a), Fed.R.Civ.P., provides:

"(a) *Intervention of right.* Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; * * *."

28 U.S.C. § 2323, the statute upon which D & M relies, in its third paragraph provides:

"* * * * corporations * * * interested in the controversy or question before the Commission, or in any action commenced [in the manner of the present action] may intervene in said action at any time after commencement thereof."

■ SALEM argues that D & M cannot intervene because it was not a party to those proceedings before the I.C.C. that SALEM here seeks to have reviewed. Although, admittedly not without ambiguity, the disjunctive language of the statute seems to support the opposite view. The use of "or" by the drafters implies that they wished to allow intervention by litigants such as D & M who, although not sufficiently "interested in the controversy or question before the Commission" to appear there, were nevertheless interested in subsequent review proceedings. The only case squarely in point also takes this position, albeit without elaboration, and we follow it now. United Transports, Inc. v. United States, 214 F.Supp. 34 (W.D.Okl.1962).

■ A second problem of statutory interpretation arises because D & M here asserts a "right" to intervene under a statute that says it "may" intervene. The Supreme Court, however, in construing similar language of § 17(11) of the Interstate Commerce Act, 49 U.S.C. § 17(11), stated that an absolute right of intervention was intended, even though the language "might be construed as giving only a discretionary right." Brotherhood of R.R. Trainmen v. B & O R.R. Co., 331 U.S. 519, 530–531, 67 S.Ct. 1387, 1393, 91 L.Ed. 1646 (1947). The same reasoning applies here.

There remains only the question of whether D & M is "interested" in the present action. Neither the statute nor the cases offers a definition of this term.

Of necessity, therefore, we construct our own.

D & M operates a taxi service headquartered at the Fort Dix-McGuire Air Force Base complex. Its Certificate of Public Convenience and Necessity, acquired in 1965, allows it to carry individual fares ("special" service) or to hire the entire car for a set price ("charter" service). Its certificate permits service in one direction only, from Dix-McGuire to any destination in a surrounding geographical area encompassing New York City, Philadelphia, Pennsylvania, and the Philadelphia International Airport.

SALEM, a standard airport limousine service and a considerably larger operation than D & M, also maintains ticket offices at Dix-McGuire. SALEM'S operations are restricted to special service, however, with the exception of airline crews for whom it formerly had permission to operate on a charter basis.* In the present action, SALEM seeks to review recent I.C.C. determinations that purport to eliminate this permission to carry airline crews on a group fare basis.

D & M contends that if SALEM is successful in the present action and retains its charter rights, SALEM will continue to compete for those charter passengers out of Dix-McGuire for whose carriage D & M would otherwise obtain a monopoly. In short, D & M argues that it is a competitor and as such will be harmed if SALEM prevails in this matter. SALEM admits in its affidavit that there is a "small area in which D & M provides competitive service," and does not directly contravene D & M's allegation that it will be harmed by an adverse determination in the present action.

D & M cites Hudson Transit Lines, Inc. v. United States, 82 F.Supp. 153, 154 (S.D.N.Y. 1948), as authority for the proposition that a competitor can intervene as of right. The citation is not, strictly speaking, in point. In that case, *Hudson*, adversely affected by an I.C.C. award to its competitor Adirondack, sued to have the award reviewed. The intervener was Adirondack, whose application had been the subject of the I.C.C. ruling that *Hudson* was seeking to have reviewed. Adirondack was therefore a "party in interest" in the original proceeding and its intervention as of right is covered under the clear language of the second paragraph of 28 U.S.C. § 2323. It would seem to follow from the *Hudson* case, however, where a competitor was given standing to sue for review of the I.C.C. order, that *a fortiori* a competitor should be able to intervene as of right.

Finally, D & M would seem to be an "interested person" as the Commission itself uses that term. See General Rules and Regulations, General Rule of Practice 101.247(c), which details the procedure for giving notice to "competitors and other interested persons."

In sum, the affidavits and other papers seem to show that D & M potentially competes with SALEM in the very limited area of carrying airline crews out of Dix-McGuire. The I.C.C. ruling, which SALEM seeks to review and in the review of which D & M seeks to intervene, if enforced, would give D & M the competitive advantage of being able to offer group fares where SALEM could not. Under almost any definition of the term, D & M is "interested" in seeing to it that SALEM does not change the Commission's ruling.

In light of the foregoing, this court finds: (1) that D & M is "interested" within the meaning of 28 U.S.C. § 2323 and (2) that § 2323 confers an unconditional right to intervene within the meaning of Rule 24(a), Fed.R.Civ.P. Accordingly, the motion is granted.

So ordered.

---

* I.C.C. order No. MC 107583 sub. 36 TA granting SALEM temporary authority to conduct charter operations is not a model of clarity. It apparently allows SALEM to offer group fares to airline crews without actually chartering the entire vehicle. It also apparently restricts such group fare arrangements to airline crews.